UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DENNIS C. BRUCE | * | CIVIL ACTION |
| VERSUS | * | NO.: |
| GNOTS-RESERVE, INC. | * | SECTION: |
| | * | MAGISTRATE: |

\* \* \* \* \* \* \*

## **COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes DENNIS C. BRUCE, a person of full age of majority and a resident of the Parish of Jefferson, State of Louisiana, and for his Complaint, he respectfully avers as follows:

I.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. 30104 and pursuant to the general maritime law of the United States.

II.

Plaintiff, DENNIS C. BRUCE, at all times pertinent hereto, was a person of the full age of majority and resident of Bridge City, Louisiana.

III.

At all times pertinent hereto, Defendant, GNOTS-RESERVE, INC., was and is a corporation with its principal place of business in Louisiana located in St. Rose, Louisiana, Parish of St. Charles.

IV.

At all times pertinent hereto, Defendant was the employer of Plaintiff, DENNIS C. BRUCE, and/or the owner and/or the operator of the M/V DARLENE WISE on the navigable

waters of the United States of America within the jurisdiction of this Honorable Court.

V.

At all times pertinent hereto, Plaintiff, DENNIS C. BRUCE, was employed by the Defendant as a seaman and member of the crew of the M/V DARLENE WISE and was acting within the course and scope of his employment as a deckhand on said vessel.

VI.

On or about January 26, 2014, Plaintiff, DENNIS C. BRUCE, was injured while untying a barge and the top his finger was severed when caught in a steel cable.

VII.

Plaintiff was in no manner negligent. On information and belief, Plaintiff alleges that the sole and proximate cause of his injuries, as described herein, was the negligence and/or failure of the Defendant, and its servants and/or agents, in carrying out its obligations and duties, individually and concurrently and/or the unseaworthiness of the vessel named herein for one or more of the following respects:

1. Failing to provide Plaintiff with a safe place in which to work;

2. Failure to warn the plaintiff;

3. Failure to provide competent and adequate supervisory authority;

4. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;

5. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;

6. Creation and maintenance of an unseaworthy vessel, and failure to properly maintain the vessel;

7. Failure to properly train employees, and/or hiring and/or retaining careless and/or unskilled employees

8. Failure to utilize proper operating procedures;

9. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

10. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

11. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional pain and suffering and damages;

12. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

VIII.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, DENNIS C. BRUCE, sustained severe bodily injuries, including his left hand and fingers, possible ruptured and/or herniated lumbar and cervical discs and nerve damage, and other injuries to his bones, muscles and joints, organs and tissues among other component parts of his body.

IX.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, DENNIS C. BRUCE, has sustained damages in one or more of the following categories, to-wit:

1. Past and future medical expenses;

2. Past and future wage loss or diminution of earning capacity;

3. Past and future physical and mental pain and suffering;

4. Past and future loss of household services;

5. Punitive/exemplary damages as may be allowed under the general maritime law;

6. Other damages to be shown at the trial of this matter.

X.

Pleading further, in the alternative, if it be shown that Plaintiff, DENNIS C. BRUCE, was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

XI.

Plaintiff, DENNIS C. BRUCE, would show that on the above mentioned dates, he was injured while in the service of the vessel named herein.  As a result, Defendant had and continues to have a non-delegable duty to provide the Plaintiff, DENNIS C. BRUCE, with maintenance and cure benefits.  Plaintiff, DENNIS C. BRUCE, would show that he has not reached maximum medical improvement and that Defendant's duty continues.  The maintenance rate owed to plaintiff, DENNIS C. BRUCE, by Defendant is upon information and belief approximately $50.00 (FIFTY AND 00/100 DOLLARS) per day.

XII.

Should defendant unreasonably, willfully, wantonly arbitrarily and/or capriciously deny payment and/or unreasonably, willfully, wantonly, arbitrarily and/or capriciously delay payment for maintenance and/or cure or pay an insufficient amount, then defendant is legally liable to Plaintiff, DENNIS C. BRUCE, for compensatory damages, attorney's fees, costs and exemplary/punitive damages.

XIII.

In the alternative to the foregoing, should it be determined that the Plaintiff is not a seaman herein, then Plaintiff asserts his claims in this matter pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §901, et seq., including but not limited to Section 905(b) thereof, and to any applicable laws and statutes of the State of Louisiana.

XIV.

Plaintiff respectfully prays for a trial by jury on all issues presented herein.

**WHEREFORE**, premises considered, Plaintiff, DENNIS C. BRUCE, prays that this Complaint be deemed good and sufficient, and after due proceedings had and the expiration of all legal delays herein:

1. There be judgment in favor of the Plaintiff, DENNIS C. BRUCE, and against Defendant, GNOTS-RESERVE, INC., in an amount to be determined by the trier of fact, pre-judgment interest from the date of occurrence and other legal interest as allowed by law until paid, and for all costs of Court;

2. There be a judgment rendered herein in favor of the Plaintiff and against the Defendant for maintenance and cure benefits, past, present, and future at a daily rate of FIFTY ($50.00) DOLLARS, or such amount as Plaintiff proves to be legally entitled to, plus interest from the date of occurrence and other legal interest as allowed by law until paid, all costs of Court, and reasonable attorney's fees therefore, all in a true sum to be determined at the trial of this case;

3. There be judgment herein in favor of the Plaintiff and against the Defendant for compensatory damages, attorney's fees, costs and exemplary/punitive damages for any willful, wanton, arbitrary, and/or capricious, failure and/or refusal to pay and/or delay in paying Plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

4. For any and all other relief which the law and justice provide.

**RESPECTFULLY SUBMITTED:**

_s/ Julie Sumrall_____
LAWRENCE BLAKE JONES  (7495)
DAVID C. WHITMORE  (17864)
JULIE SUMRALL  (21387)
SCHEUERMANN & JONES, L.L.C.
701 Poydras St., Suite 4100
New Orleans, Louisiana 70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380
Attorneys for Plaintiff,
Dennis C. Bruce